**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DONTRAVIAN ROGERS**                                                                                            **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:24-cv-00019-TBM-RPM**

**M.D.O.C., et al.**                                                                             **DEFENDANTS**

## ORDER SEVERING HABEAS CLAIMS

This matter is before the Court on *pro se* Plaintiff Dontravian Rogers's pleadings. Rogers is a convicted and sentenced state prisoner currently incarcerated at the South Mississippi Correctional Institute in Leakesville, Mississippi. [1] at 2, 15. He claims that Defendants failed to protect him from violence at the hands of other inmates. *Id*. at 4-9. For relief, he seeks "$100,000.00 and . . . release." *Id.* at 16. The Court has considered and liberally construed Rogers's pleadings. *See Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002) ("[C]ourts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed.").

At this juncture, the Court finds it prudent to identify and separate the types of claims that Rogers is pursuing. Habeas corpus provides the exclusive federal remedy available to a state prisoner seeking an immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Prisoners seeking monetary damages for unconstitutional conditions of confinement may proceed under 42 U.S.C. § 1983. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). "If such a § 1983 complaint contains both habeas and § 1983 claims, the district court should separate the claims and decide the § 1983 claims." *Orellana*, 65 F.3d at 31 (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)).

To the extent Rogers seeks release from incarceration, he must pursue it through a petition for writ of habeas corpus. To the extent he seeks monetary damages for unconstitutional conditions of confinement, the case may be cognizable under § 1983. Rogers's habeas claims will thus be severed from this case. The Court will direct the Clerk of Court to open a new civil action for Rogers's habeas claims under 28 U.S.C. § 2254. The § 1983 claims for damages will remain in this civil action.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Rogers's habeas claims are **SEVERED** from his claims under § 1983. The Clerk of Court shall open a new civil action under 28 U.S.C. § 2254 in the Southern Division on Rogers's habeas claims, and therein file a copy of the Complaint [1], the Motions [2] [4] for Leave to Proceed *in forma pauperis*, and a copy of this Order. The 42 U.S.C. § 1983 claims for damages will remain in this civil action.

**SO ORDERED**, this 4th day of March, 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE