**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DONTRAVIAN ROGERS**                                                                          **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO. 1:24-cv-00019-RPM**

**UNKNOWN DEFENDANT, et al.**                                                    **DEFENDANTS**

### <u>ORDER GRANTING MOTION [66] FOR SUMMARY JUDGMENT</u>

Plaintiff Dontravian Rogers, proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983 on January 19, 2024, naming as Defendants Linda Hardin, Michael Crawford, and Belinda Miller ("the Correctional Defendants"), along with Nurse Unknown Hayes, Nurse Unknown Brown, and Nurse Unknown Walker ("the Medical Defendants"), plus one Unknown Defendant. [14] at 1. Plaintiff is an inmate housed in the custody of the Mississippi Department of Corrections ("MDOC") at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. [70] at 1. Plaintiff's claims were clarified at an Omnibus Hearing on September 20, 2024.[1]

After the Omnibus Hearing, all represented parties filed a Motion [57] [59] for Summary Judgment Based on Failure to Exhaust Administrative Remedies. On August 22, 2025, Plaintiff's claims against the Medical Defendants were dismissed without prejudice, along with most of his claims against the Correctional Defendants. [65] at 1-17. Only his claim against the Correctional Defendants for denial of due process remains to be resolved. *Id*.

On December 22, 2025, the Correctional Defendants filed a Motion [66] for Summary Judgment. Plaintiff filed what the Court has construed as a summary-judgment response [69] on

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

March 9, 2026. For the following reasons, the Correctional Defendants' Motion [66] for Summary Judgment will be granted, and Plaintiff's remaining claim against them will be dismissed with prejudice. Since Plaintiff has failed to identify "Unknown Defendant," his claims against that person will be dismissed without prejudice. No Defendants remaining, this case will be closed.

## I.    BACKGROUND

### A.  Plaintiff's Factual Allegations

On or about September 25, 2023, Plaintiff claims that he was "stabbed 7 times by a gang member" named Crow at SMCI. [1] at 4; *see also* [61] at 12. Plaintiff suffered "one stab wound to the neck, one stab wound to the back of [his] right upper arm, [and] . . . 5 [stab wounds] to the upper back." [1] at 16. Plaintiff reported the incident to Miller, "but no one came [to the zone] to shake down and get the weapon." *Id.* at 4. Plaintiff also claims that "C.I.D. never came and investigated or got a statement from [him]." *Id.*

Plaintiff subsequently received a rule violation report ("RVR") "for fighting for [his] life." [1] at 4. When he received the RVR, Plaintiff "asked . . . [to] go to a hearing." [61] at 49. Yet two weeks after the altercation, he received mail indicating that he had already "been found guilty for the assault." *Id.* at 18. Plaintiff now claims that he was "denied . . . due process" because he was "found guilty . . . [without] a hearing." [17] at 5; *see also* [61] at 18.

### B.  Defendants' Summary Judgment Evidence

The Correctional Defendants submitted a copy of the aforementioned RVR as evidence. [66-2] at 9. Plaintiff signed the RVR (numbered 2069814) on September 25, 2023, and checked "no" when asked about waiving his right to a hearing. *Id.* But Major A. Robinson took up the case as hearing officer on October 10, 2023, and noted that Plaintiff "refused [a] hearing" at that time.

2

*Id*. Based on the "incident report" and the "camera," Major Robinson found Plaintiff guilty of "fighting with another person." *Id*. Plaintiff was punished with "30 days loss of all privileges from October 24, 2023 thru November 23, 2023." *Id*.

On September 28, 2023, Plaintiff filed an administrative grievance to appeal the guilty finding. [66-2] at 5. Plaintiff received a first-step response on November 22, 2023, advising that his grievance was reviewed and his "appeal [was] granted." *Id*. at 7. The RVR has since been removed from Plaintiff's official prison record. [66-3] at 1.

## II.    STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). "In reviewing the evidence, the court must therefore refrain from making credibility determinations or weighing the evidence." *Id*. at 397-98 (quotation omitted).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying

portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with significant probative evidence." *Id*. (quotation omitted).

### III.   DISCUSSION

**A.  Plaintiff's due-process claim is frivolous and fails to state a constitutional claim.**

"To invoke the protections of the due process clause, . . . [P]laintiff must have a protected liberty interest at stake." *Boyd v. Epps*, No. 4:06-cv-00034-TSL-JCS, 2006 WL 1547360, at *2 (S.D. Miss. June 5, 2006). To show that a protected liberty interest is implicated here, "Plaintiff must show that the RVR either (1) affected or 'will inevitably affect the duration of his sentence' or (2) imposed an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Wedgeworth v. Miss.*, No. 3:17-cv-00730-CWR-FKB, 2018 WL 1463496, at *6 (S.D. Miss. Mar. 23, 2018) (quoting *Sandlin v. Conner*, 515 U.S. 472, 484, 487 (1995)).

The RVR records this punishment: "30 days loss of all privileges from October 24, 2023 thru November 23, 2023." [66-2] at 9. But "a temporary loss of privileges [does not] implicate due process concerns." *See Reese v. Barnes*, No. 1:23-cv-00166-BWR, 2025 WL 2377944, at *4 (S.D. Miss. July 11, 2025). "[T]he protections afforded by the Due Process Clause do not extend to 'every change in the conditions of confinement' which are adverse to a prisoner." *Blankenship v. Byrd*, No. 5:12-cv-00162-DCB-MTP, 2013 WL 2490919, at *2 (S.D. Miss. June 10, 2013)

4

(quoting *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997)). For example, inmates do not have a constitutional right to canteen, commissary, or visitation privileges. *See, e.g.*, *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that 30-day commissary and cell restrictions did not implicate the Due Process Clause); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding that visitation restrictions did not implicate the Due Process Clause). Thus, Plaintiff has failed to show that he is entitled to the procedural protections of the Fourteenth Amendment, and his due-process claim fails. *See Robinson v. Epps*, No. 2:11-cv-00119-KS-MTP, 2011 WL 3844205, at *2 (S.D. Miss. Aug. 30, 2011) ("[S]ince the protections of the due process clause were not triggered, it is of no consequence that . . . Plaintiff was not present at his disciplinary hearing.").

In his summary-judgment Response, Plaintiff argues that his custodians violated various policies and procedures in handling his RVR. For example, Plaintiff argues that the hearing (which he did not attend) was held 10 days after the altercation, when it should have occurred within "7 working days." [69] at 2. He also claims that the reason for his guilty finding "was fradulent [*sic*]," and that his right to a proper investigation was disregarded. *Id*. Finally, he asserts that the decision on his RVR appeal was not timely. *Id*. at 1. Plaintiff appealed the RVR on September 28, 2023, but the decision granting his appeal was not reached until November 22, 2023, and he was not notified of that decision until January 26, 2024—which he says is outside of the requisite 30-day window. *Id.*

Yet Plaintiff "is not entitled to relief based on the defendants' alleged failure to follow department policy and procedure." *Jones v. Miss. Dep't of Corr.*, No. 2:08-cv-00212-KS-MTP, 2010 WL 623621, at *2 (S.D. Miss. Feb. 18, 2010). "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if

constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Constitutional minima were met here. *See Tolliver v. Henderson*, No. 1:20-cv-00203-HSO-JCG, 2021 WL 197294, at *1-2 (S.D. Miss. Jan. 20, 2021); *Stallworth v. Greer*, No. 4:05-cv-00127-TSL-JCS, 2006 WL 1431613, at *2 (S.D. Miss. May 22, 2006). Even assuming Plaintiff is innocent of the offense alleged in the RVR, [69] at 2, "there is no freestanding constitutional right to be free from false charges," *Carter v. Demmas*, No. 1:14-cv-00376-KS-RHW, 2014 WL 7035883, at *2 (S.D. Miss. Dec. 11, 2014) (quotation omitted).

In any event, Plaintiff's appeal of the offending RVR was ultimately granted, overturning the rule violation. [66-2] at 7. Thus, "he has no adverse ruling to challenge in this court." *See Waldrop v. Loden*, No. 3:24-cv-00311-DAS, 2026 WL 562454, at *10 n.12 (N.D. Miss. Feb. 27, 2026); *see also Davis v. Kelly*, No. 2:10-cv-00271-KS-MTP, 2012 WL 3544845, at *5 (S.D. Miss. Aug. 16, 2012) (noting that claims for injunctive relief were moot where the offending RVRs were "dismissed and removed from the Plaintiff's records"). Plaintiff's due-process claim is frivolous and fails to state a constitutional claim. *See Jones*, 2010 WL 623621, at *3. The Correctional Defendants are entitled to judgment as a matter of law.

**B.  Plaintiff has failed to identify Unknown Defendant, despite multiple chances.**

Only Defendant Unknown Defendant remains. On April 25, 2024, the Court advised Plaintiff that "[i]t is [his] responsibility to prosecute this case, which includes providing a name and other identifying information for Unknown Defendant so that s/he may be served with process." [19] at 2. Plaintiff was "directed to file a motion . . . asking that process be served on Unknown Defendant" as soon as he learned that person's "name or other identifying information." *Id*. On August 22, 2025, Plaintiff was instructed to "identify Unknown Defendant within 14 days

6

. . . so that person may be served with process." [65] at 16. Plaintiff was warned that his "failure to identify Unknown Defendant within the requisite timeframe may result in the dismissal of that Defendant as a party from this lawsuit without prejudice and without further notice to Plaintiff." *Id*. Since then, Plaintiff has not identified or otherwise mentioned Unknown Defendant in his correspondence with the Court.

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its own affairs. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This case has been pending for two and a half years, and Plaintiff has been warned multiple times that it may be dismissed for his failure to obey the Court's Orders. *E.g.*, [1-2] at 1; [3] at 2; [5] at 2; [7] at 2; [8] at 2-3, *et seq*. Yet Plaintiff has failed to identify Unknown Defendant, despite being warned that it was his responsibility to do so by September 5, 2025. [65] at 16. The Court has given Plaintiff the benefit of nearly a year beyond that deadline, but he has failed to comply with the Court's instruction. Plaintiff's inaction represents a lack of interest in pursuing his claims against Unknown Defendant, which the Court interprets as his desire to abandon those claims altogether. *See Jordan v. Doe*, No. 1:23-cv-00190-BWR, 2025 WL 1928749, at *2 (S.D. Miss. July 14, 2025) (dismissing a case for the plaintiff's failure to identify the last-standing John Doe defendant).

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions

7

that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice of Plaintiff's claims against Unknown Defendant is warranted.

## IV.    CONCLUSION

The Court has considered all arguments presented. Any not specifically addressed would not have changed the outcome.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [66] for Summary Judgment filed by Defendants Linda Hardin, Michael Crawford, and Belinda Miller is **GRANTED**. Plaintiff Dontravian Rogers' due-process claim against the Correctional Defendants is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's claims against Defendant Unknown Defendant are **DISMISSED WITHOUT PREJUDICE.**

A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this 31st day of July, 2026.

/s/ *Robert P. Myers, Jr.*

ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

8